IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv282

| | | |
|---|---|---|
| TRANSYLVANIA COUNTY, a Body Politic of North Carolina, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) ) | MEMORANDUM AND RECOMMENDATION |
| LINCOLN GENERAL INSURANCE COMPANY; CRAWFORD & COMPANY WORLDWIDE; CRAWFORD & COMPANY CANADA; CRAWFORD & COMPANY INTERNATIONAL; A. M. ("TONY") DiGERONIMO; and NATIONAL SURETY SERVICES, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

**THIS MATTER** is before the court upon Crawford & Company Worldwide's, Crawford &Company Canada's, Crawford & Company International's (hereinafter "Crawford defendants") Motion to Dismiss (#4) and defendant Lincoln General Insurance Company's (hereinafter "Lincoln General") Motion to Dismiss (# 2 (contained in Answer, supported by brief (#3))).

Plaintiff is in procedural default on such motions. The defendants' respective motions and supporting briefs were filed not later than August 26, 2005, making plaintiff's response due not later than September 12, 2005. See L.R. 7.1 (W.D.N.C.). More than two weeks have

1

passed since such deadline. Review of the pleadings reveals that plaintiff, which is represented by a member of the Bar of this court, has failed to file any response. Moving defendants having shown good cause for the relief requested, the undersigned will recommend that the motions to dismiss be summarily allowed for the reasons discussed in such memoranda and, substantively, for the reasons discussed briefly below.

**FINDINGS AND CONCLUSIONS**

**I.  Background**

This action concerns contracts let for expansion of the Transylvania County Landfill. The contractor allegedly failed to complete the work and plaintiff has sought to enforce performance bonds. Complaint, at ¶ ¶ 7-34. The Crawford defendants have moved for dismissal as to all claims against them, while Lincoln General has moved to dismiss two specific claims.

**II.  Standard Applicable to Motions to Dismiss**

The respective defendants have moved to dismissed under Rules 12(b)(2), (4), (5), (6) and (7), Federal Rules of Civil Procedure. The undersigned will briefly review the standards for each provision of Rule 12(b) relied on by defendants.

**A.  Rule 12(b)(2) Standard**

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based

on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakker, at 676. Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id.

**B.** **Rules 12(b)(4)&(5)**

Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952).

### C. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir.

2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

    **D.**    **Rule 12(b)(7)**

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a party under Rule 19. Fed.R.Civ.P. 12(b)(7). In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept as true the allegations of the Complaint. Davis Cos. v. EmeraldCasino, Inc., 268 F.3d 477, 479 n.2 (7th Cir.2001). In

addition, the moving defendants have the burden of showing that a party must be joined for just adjudication. Ploog v. HomeSide Lending, Inc., 209 F.Supp.2d 863, 873 (N.D.Ill.2002).

A two-step inquiry is required. S. Co. Energy Mktg., L.P. v. Va. Elec. & Power Co., 190 F.R.D. 182, 185 (E.D.Va.1999). First, a court must determine whether a party is necessary to the action. Id. In making this determination, three factors are considered: (1) whether complete relief can be accorded among the parties without joinder; (2) whether the absent person's ability to protect his own interest will be impaired; and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations. Second, where a court decides a party is necessary but cannot be joined, a court must then determine whether the party is indispensable to the action. Determinations as to necessity and indispensability under Rule 19 are not mechanical and "the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." Id., at 185.

## II.     Discussion

### A.     Crawford Defendants' Motion to Dismiss

The Crawford defendants have moved to dismiss under Rules 12(b)(2), (4), (5), (6), and (7), contending (1) that the named Crawford defendants are not legal entities and (2) in the alternative, such entities acted as independent agents of Defendant Lincoln General Insurance Company, and as such owed no duty to plaintiff. The Crawford defendants' arguments are unrebutted by plaintiff.

## 1. Failure to Name Lawful, Existing Parties

Crawford & Company International has shown that its legal name is actually Crawford & Company International, Inc. See Crawford's Exhibit A, at 2. It concedes at page 3 of its brief that plaintiff should, in all fairness, be allowed to amend its Complaint to allege the proper defendant.

The Court of Appeals for the Fourth Circuit has long held that failure to properly name a corporate defendant is a fatal defect, because a corporation has the right "to be accurately named in process and pleadings of the court . . . ." United States v. A. H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947).

In counterbalance, the Court of Appeals for the Fourth Circuit, in reaffirming the principles of A. H. Fischer, more recently held that it is also the circuit's rule that service of process is not fatally defective "simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (1999). Indeed, the A. H. Fischer court held, as follows:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else . . . . As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.

Id. While this court would otherwise be open to Rule 15 amendment, substitution, and relation back of the correct party, plaintiff has failed to make any such request or show that

the misnomer was "insignificant." This burden does not shift to the court or defendant where plaintiff fails to respond. It appearing that the named defendant is entitled to the relief it seeks and that plaintiff has interposed no objection or sought any other relief from this court in a timely fashion, the court will recommend dismissal of Crawford & Company International from this proceeding.

As to the motions of Crawford & Company Worldwide and Crawford & Company Canada, such defendants have adequately shown that no such corporations exist in the State of Georgia, which is the state wherein plaintiff's have averred service. See Crawford's Exhibit A, at 1 &3.[1] The undersigned will, as a result, recommend that the Complaint be dismissed as to all Crawford defendants due to misnomer and non-existence.

### 2. Failure to State a Claim

To the extent plaintiff may have properly named a Crawford defendant or to the extent plaintiff is allowed to amend its pleading to allege a claim against a Crawford defendant, such defendant has moved to dismiss the action against it under Rule 12(b)(6), arguing that no claim can be stated against it because it has no liability as the "agent for the surety." See Complaint, at ¶ 3. While a surety may certainly be held liable on a bond it declines to pay, the Crawford defendants argue that an independent adjuster hired by the surety has no liability. While North Carolina courts have yet to address the issue, the Supreme Court of South Carolina has succinctly held and summarized that the majority of courts that have

---

[1] The undersigned notes that the Exhibit attached the moving defendants' brief is not supported by an affidavit; however, plaintiff has interposed no objection.

addressed the issue have held that an insured is not allowed to bring a negligence claim against an independent adjuster. Charleston Dry Cleaners & Laundry v. Zurich American Insur. Co., 586 S.E.2d 586, 588 (S.C. 2003). Inasmuch as South Carolina and North Carolina jurisprudence have developed in a similar manner from English common law, the undersigned finds that a North Carolina court would likely find the decision of the South Carolina Court in Charleston Dry Cleaners to be highly persuasive and that no cause of action would exist against an independent insurance adjuster. Plaintiff having interposed no argument to the contrary, the undersigned will respectfully recommend that the Crawford defendant's Motion to Dismiss pursuant to Rule 12(b)(6) also be granted.

  **B. Lincoln General Insurance Company's Motion to Dismiss**

Defendant Lincoln General has moved to dismiss plaintiff's unnumbered "Unfair Business Practices" claim and unnumbered "Breach of Good Faith and Fair Dealing" claim, all in accordance with Rule 12(b)(6). Such claims are found at paragraphs 45 through 54 of the Complaint.

For cause, Lincoln General has shown that North Carolina has not yet recognized such a causes of action against a surety who denies payment on a disputed debt. C.f. Members Interior Construction, Inc. v. Leader Construction Co., Inc., 124 N.C.App. 121 (1996). Further, Lincoln General has shown that North Carolina courts have declined to treat suretyship as insurance, finding that "[w]hile insurance contracts are in many respects similar to surety contracts, there is a very wide difference between them." Angelo v. Property

Development Corp., 63 N.C.App. 569, 574 (1983). The Angelo court went on to hold that just because insurance and surety contracts are governed by similar rules of interpretation "no more justifies the conclusion that sureties are insurers and performance bonds are contracts of insurance than does the commonly known fact that sheep are somewhat like goats justify the conclusion that sheep are goats." Id., at 578.

Unlike a contract of insurance which involves the insured and the insurer, a surety bond involves three parties: the principal; the surety; and the bond obligee. Southeastern Steel Erectors v. Inco, Inc., 108 N.C.App. 429, 436 (1993). While some states impose a duty of good faith and fair dealing on sureties in dealing with bond obligees, see Dodge v. Fidelity & Deposit Co., 161 Ariz. 344 (1989), other states have found that surety bonds are distinct from insurance so as to allow the surety to test the merits of the obligee's claim. This is so because the surety owes a duty to the principal, who must indemnify the surety for any amounts paid to the obligee. See Great American Insur. Co. v. North Austin Municipal Utility Dist. No. 1, 908 S.W.2d 415, 420 (1995).

Clearly, North Carolina does not treat a surety bond as a contract of insurance. Angelo, supra. Not only does North Carolina make a distinction in its case law, a similar distinction is made in its legislation, which provides distinct chapters for suretyship and insurance. See N.C.Gen.Stat. § 26 ("Suretyship"), c.f. § 58 ("Insurance"). Inasmuch as a surety has adversarial obligations, the undersigned finds that North Carolina would likely follow the Supreme Court of Texas which held that the

the derivative nature of a surety's liability and its right to rely upon the defenses of its principal compel the conclusion that a surety, like its principal, should be entitled to test the merits of an obligee's claim without the imposition of extracontractual duties to the bond obligee.

<u>Great American Insur. Co.</u>, at 420.  Hearing no arguments to the contrary, the undersigned will recommend that Lincoln General's Motion to Dismiss plaintiff's claims captioned "unfair business practice" and 'breach of good faith and fair dealing" be granted.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that Crawford & Company Worldwide's, Crawford & Company Canada's, Crawford & Company International's Motion to Dismiss (#4) be **GRANTED** in its entirety, and that all claims against such defendants be **DISMISSED** with prejudice;

**IT IS FURTHER RECOMMENDED** that defendant Lincoln General Insurance Company's Motion to Dismiss (# 2 (contained in Answer)) be **GRANTED**, and that plaintiff's unnumbered claim for "Unfair Business Practices," found at paragraphs 45 through 48 of its Complaint and "breach of good faith and fair dealing" found at paragraphs 49 through 54 of its Complaint be **DISMISSED** with prejudice for failure to state a claim.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and

recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: September 29, 2005**

Dennis L. Howell
United States Magistrate Judge