IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv282

| | |
|---|---|
| TRANSYLVANIA COUNTY, a Body Politic of North Carolina, ) ) ) | |
| Plaintiff, ) ) | |
| Vs. ) ) | ORDER |
| LINCOLN GENERAL INSURANCE COMPANY; A. M. ("TONY") DiGERONIMO; and NATIONAL SURETY SERVICES, INC., ) ) ) ) ) | |
| Defendants. ) _____ ) | |

**THIS MATTER** is before the court upon the receipt of a proposed "Protective Consent Order," that was sent via CyberClerk, but was unaccompanied by a motion. Unless made orally during a hearing, Local Rule 7.1(A), Local Rules of the Western District of North Carolina, provides that "all motions must be put in writing and shall state with particularity the grounds of the motions...." The requirement of either a written motion or an oral motion at a hearing (for which a minute entry is made in the docket) is not a mere formality. Instead, a motion or minute entry keys the court's electronic tracking system as well as provides the court with a basis for either granting or denying the relief requested. The "Protective Consent Order" will, therefore, be stricken in accordance with Local Rule 7.1(A).

Counsel are cautioned that if they elect to file a motion for protective order, that they must show good cause for leave to "seal" documents as was proposed in paragraph five of the proposed order. Inasmuch as plaintiff is a public governing body, the parties should show in such motion that their request is supported by current case law and does not contravene state statutes. See News and Observer Publishing Co. v. Poole, 330 N.C. 465, 486 (1992);

Knight Pub. Co. v. Charlotte-Mecklenburg Hosp. Authority, 616 S.E.2d 602, 605 (N.C.App. 2005); see also N.C. Gen.Stat. § 132.6 (2003).

## ORDER

**IT IS, THEREFORE, ORDERED** that the proposed Protective Consent Order is **STRICKEN** in accordance with Local Rule 7.1(A).

Signed: February 16, 2006

Dennis L. Howell
United States Magistrate Judge